IN THE UNITED STATES BANKRUPTCY COURT FOR
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Endre' Glenn<br><br>　　　　　Debtor,<br><br>Endre' Glenn<br><br>　　　　　Plaintiff,<br>vs.<br><br>Harry Angel, et al<br><br><br>　　　　　Defendants | Case No. 24-11552<br><br>Adversary Case No.<br><br>COMPLAINT FOR DAMAGES IN VIOLATION OF THE AUTOMATIC STAY TITLE 11 U.S.C. § 362(k) AND INJUNCTIVE RELIEF TITLE 11 U.S.C. § 105 |

Comes Now: Endre' Glenn Debtor in Possession and files the following Complaint for Damages, Request for Sanctions, punitive damages, and Immediate Injucntive pursuant to Title 11 U.S.C. 105.

## **I JURISDICTION AND VENUE**

1. This complaint is for relief pursuant to Title 11. U.S.C. § 105 and other relief pursuant to Title 11 U.S.C § 362(k) violations of the automatic stay, and imposition of liability pursuant to Title 28 U.S.C. 1927

VIOLOATION OF AUTOMATIC STAY – PAGE 1

2. The Court has jurisdiction over adversary proceedings pursuant to Title 28 U.S.C. § 1334, and Title 28 U.S.C. § 157. Venue is proper per Title 28 U.S.C. §1409.

## II. PARTIES

3. The Plaintiff Endre Glenn is a debtor in chapter 13 bankruptcy and has standing to bring this action.

4. The defendants Harry Angel, et. is a multiparty investor group., an unregistered business with Department of Financial Institution. For the sake of violation of the automatic stay, they are all jointly and severally liable. Additional party, Trustee Doris Eslinger Law Office, Attorney, WSBA# 41804 pursuant to Title 28 pursuant to Title 28 U.S.C. § 1927 liability imposed on counsel for excessive costs.

## II. STATEMENT OF FACTS

5. On June 20, 2024 Debtor filed chapter 13 bankruptcy. He sent bankruptcy notice to trustee Doris Eslinger, Law Office.

6. On June 21, 2024 trustee foreclosed on debtor's home in violation to the bankruptcy automatic stay. TITLE 11 § 362(A)(1)(2)(3)

11 U.S. Code § 362 Automatic Stay

    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all

VIOLOATION OF AUTOMATIC STAY – PAGE 2

entities, of—

(1) )the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) )the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

## IV. CLAIMS FOR RELIF

7.  <u>VOID the improper foreclosure sale</u>, and return title to debtor.

    U.S.C. TITLE § 362 (a) holds all acts taken in violation of the stay "are void and of absolutely no effect whatsoever regardless of whether the acts are willful or so-called 'technical' automatic stay violations.

8.  Plaintiff request that this Court extend the automatic stay during the pendency of this action to allow the Plaintiff who has suffered irreparable harm to proceed to recover property, damages and Court impose sanctions on the defendants.

9.  The debtor suffered damages, and is entitled to costs associated with those

    damages because of the beneficiary's willful violation of the automatic stay order.

10. <u>Punitive damages</u>. Beneficiary's trustee received notice the day before the trustee

    sale. She had ample time to cancel the sale but decided to foreclose on the

    debtor's property in violation of the Title 11 U.S.C. § 362(a).

    Title 11 U.S.C. § 362(a) (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

VIOLOATION OF AUTOMATIC STAY – PAGE 3

11. <u>Emotional Distress.</u> The Title 11 U.S.C. §362(a) creates an "automatic stay" upon filing of a bankruptcy petition that affords debtors relief from virtually all post-petition collection activities by creditors or unless a bankruptcy court grants relief from the automatic stay. It stops all collection efforts, all harassment, and all foreclosure actions. The auction buyers of the home relentlessly harassed the homeowner, daily at the home, neighbors, and stalked the homeowner at a friend's home again to harass him about taking possession of the home. The trustee's willful violation of the Title 11 U.S.C. §362(a) an "automatic stay" severely damaged the debtor's rights. This Court may impose punitive damages for this reckless action.

12. <u>Sanctions against Defendants Counsel</u> The undisputed facts demonstrate and are persuasive enough to impose sanctions as set forth below. 28 U.S. Code § 1927 provides the Court with broad discretion to punish attorneys. The Court should sanction the trustee for foreclosing on the debtor's home when a Title 11 U.S.C § 362(a) automatic stay order in effect.

28 U.S. Code § 1927

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

13. Debtor reserves the right to assert and amend this complaint should discovery and continuing damages inflict harm to the debtor due to the trustee's action.

VIOLOATION OF AUTOMATIC STAY – PAGE 4

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court sets aside the improper foreclosure sale, return title to the debtor, together with attorney fees and costs incurred herein; Plaintiffs damages including but not limited to the value of Plaintiffs loss property, punitive damages; injunctive relief and for such other further relief as the Court deems just and proper.

_/s/ Endre' Glenn_
Endre' Glenn
Presented by:

VIOLOATION OF AUTOMATIC STAY
– PAGE 5